ABIGAIL R. HUTCHINS *vs.* HIRAM BURRILL and others.

Somerset. Opinion June 4, 1881.

*Dower. Pleadings. Declaration. Demurrer.*

A declaration in a writ of dower is not bad because it sets out and claims dower in several separate and distinct parcels of land.

Nor because the modes of setting off dower in the various pieces of real estate in which it is claimed are different.

Unless the declaration in a writ of dower alleges a seizin of the husband of an estate of which his widow is by law dowable, it is defective and will be adjudged bad on demurrer.

ON EXCEPTIONS.

Action of dower.

The defendants filed a demurrer to the declaration which was joined, and overruled, *pro forma,* by the court.

The opinion states the case.

*A. H. Ware,* for the plaintiff, cited : R. S., c. 103, § § 19, 23 ; Chitty Pl. 1315 ; *Atwood* v. *Atwood,* 22 Pick. 287.

*D. D. Stewart,* for the defendants, cited : Jackson on Real Actions, 23, 103 ; *Freeman* v. *Freeman,* 39 Maine, 426.

APPLETON, C. J. This is a writ of dower, in which the demandant claims dower in five different parcels in one count, to which the tenants demur specially.

1. The first cause of demurrer is that "the declaration is bad for duplicity, because it contains but one count and yet sets out, alleges and claims on several distinct and separate causes of action, to wit, at least five," &c.

The demandant's claim of dower in a writ may extend to the whole estate of her late husband of which she is dowable, and which the defendants hold. In *Dennis* v. *Dennis,* 2 Saund. 330, the demandant in her writ claimed dower of the third part of three several manors, thirty-two messuages, thirteen cottages, one water mill, forty-five gardens, thirteen hundred and nine acres of land, one hundred and eighty acres of meadow, three hundred and eighty-eight acres of pasture, sixty-eight acres of wood, six hundred acres of furze and heath, forty-two acres of moor, the rent of four bushels of samphire and common of pasture for twelve hundred and eighty-one sheep, and common of pasture for all other cattle, with the appurtenances, and also the advowson of certain churches in Bouchurch and Shanklyn, &c. This would seem to be a claim of distinct and numerous causes of action, but on error, judgment was rendered for the demandant. The form of the count as given in 3 Chitty Pleadings, 1315, and in 2 Scribner on Dower, 88, *n.* embraces a variety of different tracts of land.

2. The second cause of demurrer, is that the lands held by the tenants are held in fee simple and in common, and that dower is claimed in them as well as in a saw mill and machinery, and the modes of setting off dower in each case are distinct and separate and can only be enforced in different suits.

It is a novel objection, on the part of a defendant, that he is not sued as many times as he might have been.    But there is no difficulty in setting out dower in many distinct pieces of real estate whether held in severalty or in common.  The commissioners too can set out dower at the same time in mills as well as in other property.    The statute provides for the setting out dower in the whole estate "as in the levy of an execution on land."    R. S., c. 103, § 23.    Nobody doubts that real estate of the various descriptions above mentioned, could be appraised and taken on the levy of an execution.

3. It was held in *Freeman* v. *Freeman*, 39 Maine, 426, that the declaration in a writ of dower should allege a seizin of the husband of an estate of which, by law, his widow is dowable, and that if it does not, it is bad on demurrer.    The declaration in the present case is precisely like that in the above case and must for the same cause be adjudged defective.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.